UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MELISSA LEE WOODCOCK,

                                 Plaintiff,             DECISION AND ORDER

-vs-

                                                       6:18-CV-6567 (CJS)

COMMISSIONER OF SOCIAL SECURITY,

                               Defendant.

_____

INTRODUCTION

Plaintiff Melissa Lee Woodcock brings this action pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income Benefits ("SSI"). Plaintiff claims to be disabled, primarily due to a mental disorder. Both parties have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Feb. 12, 2019, ECF No. 10; Apr. 15, 2019, ECF No. 13. For the reasons set forth below, Plaintiff's motion is denied, the Commissioner's motion is granted, and the matter is dismissed.

PROCEDURAL HISTORY

The Court assumes the reader's familiarity with the underlying facts and procedural history in this case. On August 17, 2015, Plaintiff filed her DIB and SSI applications, respectively. Plaintiff claimed a disability due to a mental disorder, with an onset date for purposes of DIB benefits of March 11, 2015. Transcript ("Tr.") 166, Dec. 20, 2018, ECF No. 9. Plaintiff's claim was denied initially on October 5,

2015, after which she requested a hearing by an administrative law judge. Tr. 108, 116.

Plaintiff's request was granted, and her hearing was held via video conference on March 22, 2017. Tr. 55. The Administrative Law Judge ("ALJ") presided over the hearing from Falls Church, Virginia. Tr. 55. Plaintiff appeared and testified from Rochester, New York. Tr. 59. Plaintiff was represented by John McKeown, an attorney. Tr. 140. Also testifying at the hearing was vocational expert Corinne Porter. Tr. 249.

In his decision on June 1, 2017, the ALJ found that Plaintiff was not disabled. Tr. 25. Plaintiff then applied to the Social Security Administration's Appeals Council for review of the ALJ's decision, and submitted new evidence in support of its application. On June 11, 2018, the Appeals Council found that Plaintiff's new evidence was not related to the period on or before the date of the ALJ's decision, and denied Plaintiff's request for further review. Tr. 1. The ALJ's decision thus became the "final decision" of the Commissioner subject to judicial review under 42 U.S.C. § 405(g).

In seeking to have the decision of the Commissioner reversed, Plaintiff claims that the ALJ's determination that Plaintiff does not meet Mental Disorder Listing 12.06, anxiety and obsessive-compulsive disorders, is not supported by substantial evidence in the record. Plaintiff also claims that the Appeals Council erred as a matter of law by finding the additional evidence submitted by Plaintiff did not relate

2

to the period on or before the date of the hearing decision. Pl. Mem of Law, 6, Feb. 12, 2019, ECF No. 10-1.

STANDARD OF REVIEW

The law defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The disability standards for adult DIB and SSI benefits are the same. 42 U.S.C. §§ 423(d)(1)(A), 1382(a)(3)(A).

42 U.S.C. § 405(g) defines the process and scope of judicial review of the final decision of the Commissioner on a claim for DIB and SSI benefits. Among other things, §405(g) provides that a finding of fact by the Commissioner is "conclusive" if the finding is supported by substantial evidence. "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts." *Smith v. Colvin*, 17 F. Supp.3d 260, 264 (W.D.N.Y. 2014) (citations omitted). However, before determining whether the Commissioner's finding is supported by substantial evidence, the Court must first determine "whether the Commissioner applied the correct legal standard." *Jackson v. Barnhart*, No. 06-CV-0213, 2008 WL 1848624, at *6 (W.D.N.Y. Apr. 23, 2008) (quoting *Tejada v. Apfel*, 167 F.3d 770, 773 (2d Cir. 1999)). "Failure to apply the correct legal standards is grounds for reversal." *Id.* (quoting *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

Provided the proper legal standards were applied, "it is not the function of a reviewing court to decide *de novo* whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [the Court] will not substitute our judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002).

DISCUSSION

The Social Security Administration has outlined a "five-step, sequential evaluation process" to determine whether a claimant of DIB or SSI is disabled:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity" assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014) (citing *Burgess v. Astrue*, 537 F.3d 117, 120 (2d Cir. 2008); 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v)). The claimant bears the burden of proof for the first four steps of the sequential evaluation. *Melville*, 198 F.3d at 51. At step five, the burden shifts to the Commissioner only to demonstrate that there is other work in the national economy that the claimant can perform. *Poupore v. Asture*, 566 F.3d 303, 306 (2d Cir. 2009).

4

In his decision in this case, the ALJ followed this five-step sequential evaluation process and found that Plaintiff was not disabled. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since March 11, 2015. Tr. 27. At step two, the ALJ found that Plaintiff has the following severe impairments: affective disorder, anxiety disorder, and posttraumatic stress disorder ("PTSD"). Tr. 27. At step three, the ALJ determined that Plaintiff's mental impairments, either individually or together, did not meet or medically exceed the severity of one of the Commissioner's listed impairments. Tr. 28.

Before proceeding to step four, the ALJ considered the entire record and found the following:

> [C]laimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant can perform jobs involving simple, work-related changes in the job environment. She occasionally can interact with co-workers as part of a job, but cannot interact with the public.

Tr. 29. The ALJ determined that with this residual functional capacity, Plaintiff would be unable to perform any of her past relevant work. Tr. 33. However, consistent with the vocational expert's testimony, the ALJ found at step five that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, specifically, a night cleaner, a linen room attendant, a marking clerk, or a sewing machine operator. Tr. 34, 83–84.

5

The Appeals Council's Decision Not to Review

Following the ALJ's decision that Plaintiff was not disabled, Plaintiff requested a review by the Appeals Council for the reasons that "[t]here is new and material evidence and the [ALJ's] decision [was] contrary to the weight of the evidence now in the record." Tr. 163. As far as new evidence, Plaintiff submitted a "Mental Impairment Questionnaire (Listings)" and a "Medical Source Statement of Ability to Do Work-Related Activities (Mental)," both completed by Marianne Miles, Ph.D., NP on June 14, 2017. Tr. 14–21, 163–164. The Appeals Council declined to review the ALJ's decision because it found that Plaintiff's evidence does not relate to the time period for which benefits were denied. Tr. 2. Plaintiff argues this was an error of law by the Appeals Council, and that a remand is therefore required. Pl. Mem. of Law at 6.

The regulations provide that the Social Security Administration's Appeals Council will review a case if, among other things, "the Appeals Council receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). *See also Rutkowski v. Astrue*, 368 F. App'x 226, 229 (2d Cir. 2010). Where, as here, the Appeals Council determined that the new evidence submitted did not relate to the period on or before the ALJ's decision, "[t]he role of the district court is to determine if the Appeals Council erred when it determined that the new evidence

6

was insufficient to trigger review of the ALJ's decision." *Polynice v. Colvin*, No. 8:12-CV-1381 DNH/ATB, 2013 WL 6086650, at *18 (N.D.N.Y. Nov. 19, 2013), *aff'd*, 576 F. App'x 28 (2d Cir. 2014).

The Court finds that the Appeals Council did not err in this case because Dr. Miles' questionnaire and statement are not relevant to Plaintiff's condition during the time period for which benefits were denied: March 11, 2015 through June 1, 2017. On the "Mental Impairment Questionnaire" that Dr. Miles completed on June 14, 2017, Dr. Miles responded, "Unknown," to the question that asked, "What is the earliest point in time that [Plaintiff]'s condition reached this level of seriousness?" Tr. 21. Further, on the "Medical Source Statement" that Dr. Miles completed the same day, she left blank the question that read:

> *The limitations above are assumed to be your opinion regarding current limitations.* However, if you have sufficient information to form an opinion within a reasonable degree of medical or psychological probability as to past limitations, on what date were the limitations present?

Tr. 16 (emphasis added). Dr. Miles' indication on the questionnaire that the date Plaintiff's impairments began was "Unknown," together with her decision not to rebut the assumption of the medical source statement that the opinion regards Plaintiff's "current limitations" only, creates the reasonable inference that Dr. Miles only intended the questionnaire to reflect Plaintiff's limitations on June 14, 2017, and not the time period prior to the denial of Plaintiff's benefits.

7

Remand on this basis is therefore not warranted. *Cf. Pollard v. Halter*, 377 F.3d 183, 193–94 (2d Cir. 2004) (remanding for consideration of "new evidence" where the evidence revealed that the claimant's "condition was far more serious than previously thought and that additional impairments existed when [the claimant] was younger").

<u>The Evidentiary Support for the ALJ's Decision</u>

The Court turns now to Plaintiff's contention that "the Commissioner's decision that [Plaintiff] did not meet a Listed Impairment [and] that she could perform jobs that exist in significant numbers in the national economy is unsupported by substantial evidence." Pl. Mem. of Law at 6. Specifically, Plaintiff believes that "[t]he uncontroverted, substantial evidence of record . . . demonstrates that [Plaintiff]'s impairments meets [sic] Listing 12.06." *Id.* at 7.

A finding by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

To determine whether a finding is supported by substantial evidence, "[t]he Court carefully considers the whole record, examining evidence from both sides

8

'because an analysis of the substantiality of the evidence must also include that which detracts from its weight.'" *Tejada*, 167 F.3d at 774 (quoting *Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir. 1997)). The reviewing court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

To meet Mental Disorder Listing 12.06 for anxiety and obsessive-compulsive disorders, claimants must satisfy either both paragraph A and paragraph B criteria, or both paragraph A and paragraph C criteria. *See* 20 C.F.R., Pt. 404, Subpt. P, App'x 1 ("App'x"), § 12.06. The ALJ did not expressly discuss the paragraph A criteria, but concluded that Plaintiff fails to meet the requirements for paragraphs B or C. Tr. at 28–29. Accordingly, the Court will assume that Plaintiff satisfied the paragraph A criteria, and focus its analysis on the criteria of paragraph B and paragraph C.

*Paragraph B Criteria*

Paragraph B of Mental Disorder Listing 12.06 provides that a plaintiff must demonstrate extreme limitation of one, or marked limitation of two, of the following areas of mental functioning: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; or (4) adapt or manage oneself. App'x § 12.06(B). Limitations in an area of functioning are considered

"marked" when the ability to function independently, appropriately and effectively on a sustained basis is seriously limited. App'x § 12.00(F)(2)(d)–(e). Limitations are considered "extreme" when there is no ability to function independently, appropriately, and effectively on a sustained basis. *Id*.

After a review of the ALJ's decision in light of the entire record, the Court finds that the ALJ's conclusion that Plaintiff failed to satisfy the "paragraph B criteria" was supported by relevant evidence a reasonable mind might accept as adequate. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999). The ALJ's reasoning with respect to the "paragraph B criteria" included careful and balanced references to the consultative examination by Dr. Kristina Luna in August 2015 (Tr. 251–254), Plaintiff's testimony at the hearing (Tr. 57–87), the treatment notes from licensed clinical social worker ("LCSW") John Estabrook[1] between February 2015 and July 2016 (Tr. 262–318), the record from Plaintiff's appointments with the Ontario County Mental Health department (Tr. 330–333) and the three "psychopharmacology" appointments Plaintiff had with Dr. Marianne Miles between December 2016 and March 2017 (Tr. 344–350).

In the area of understanding, remembering or applying information, the ALJ found Plaintiff had mild limitations. Tr. 28. This finding was supported by

---

[1] The ALJ rightly stated that, as a licensed clinical social worker, John Estabrook is not an "acceptable medical source" by the Commissioner. *See* 20 C.F.R. § 404.1502(a). Still, due to the prolonged treatment relationship and other factors identified in § 404.1527(c) and (f), the ALJ did accord partial weight to LCSW Estabrook's notes (Tr. 260–288, 298–310) and the Mental Impairment Questionnaire and Medical Source Statement of Ability to Do Work Related Activities that he completed (Tr. 311–319). Tr. 32.

10

Plaintiff's self-reported limitations on the Function Report in her disability application (esp. Tr. 206–208), the mental status examinations in LCSW Estabrook's treatment notes that indicated Plaintiff's cognitive functioning was intact, and the remark in Dr. Luna's consultative examination report that Plaintiff "has no limitations in her ability to follow and understand simple directions . . . perform simple tasks independently . . . and learn new tasks." Tr. 28, 254.

In finding that Plaintiff had moderate limitations in interacting with others, the ALJ cited to Dr. Miles' notes, Plaintiff's testimony, and LCSW Estabrook's treatment notes. Tr. 28. It appears from the record that Dr. Miles first saw Plaintiff in December 2016 for a "Psychopharmacology Evaluation." Tr. 346. Plaintiff had been without her medications for several weeks and reported depression, mood swings, irritability and hypervigilance. However, Dr. Miles' notes also show that Plaintiff had a cooperative attitude, normal speech, and "logical and coherent" thoughts. Tr. 344–350. Similarly, both Dr. Luna's consultative examination and LCSW Estabrook's treatment notes reported depression, high anxiety and irritability mixed with appropriate dress and hygiene, clear speech and good cognitive function. *See, e.g.*, Tr. 252 (stating "[m]ode of dress was appropriate . . . eye contact was appropriate . . . [e]xpressive and receptive language skills were both adequate").

In concentrating, persisting, and maintaining pace, the ALJ credited consistent reports of limitations from both Plaintiff herself and "treating and

11

examiner providers" that Plaintiff had moderate limitations. Tr. 28. For instance, Dr. Luna noted that Plaintiff is "mildly limited in her ability to maintain attention and concentration" and experiences difficulties that "are caused by distractibility." Tr. 254. Hence, Dr. Luna assessed Plaintiff as moderately limited in her ability to perform complex tasks independent and make appropriate decisions. Tr. 254.

Lastly, in adapting or managing oneself, the ALJ found that Plaintiff had moderate limitations. Tr. 28–29. The ALJ noted, among other things, that Plaintiff is able to provide care for herself and her five-year old child, but requires help from her boyfriend and mother. *Id.* The "moderate" finding is also supported by Dr. Luna's finding that Plaintiff has "good adaptive functioning skills in all areas," and John Estabrook's assessment that Plaintiff is capable of managing her own interests. Tr. 253, 319.

*Paragraph C Criteria*

Paragraph C requires that a plaintiff demonstrate that his or her mental disorder is "serious and persistent." App'x § 12.06(C). A mental disorder is "serious and persistent" if there is a medically documented history of the disorder for a period lasting longer than two years, and the claimant can show both (1) medical treatment or mental health therapy that diminishes signs or symptoms of the mental disorder; and (2) marginal adjustment, meaning the plaintiff has the minimum capacity to adapt to changes in the environment or to demands not already included in the plaintiff's daily life. App'x § 12.06(C)(1)–(2).

In this case, the ALJ concluded that Plaintiff did not satisfy the "paragraph C criteria" because Plaintiff had greater than minimal capacity to adapt to her environment or changes in her daily life. In support of this conclusion, the ALJ pointed out that Plaintiff's "ability to run errands and care for her child, even if somewhat limited at times, demonstrates an inherent ability to handle shifting environments and their demands." Tr. 29. In her Memorandum of Law, Plaintiff does not challenge the ALJ's findings with respect to the "paragraph C criteria." Pla. Mem. of Law at 6–13. Therefore, the Court finds the ALJ's determination that Plaintiff does not satisfy the "paragraph C criteria" is also supported by substantial evidence. *See, e.g., Gagnon v. Comm'r of Soc. Sec., No. 7:14-CV-1194 (GLS)*, 2016 WL 482068, at *5 (N.D.N.Y. Feb. 5, 2016) (finding the ALJ's determination that claimant fails to satisfy "paragraph C criteria" is supported by substantial evidence where claimant reported that she could care for herself and her children as well as engage in some limited activities outside the home).

CONCLUSION

For the reasons discussed above, the Court finds that the Commissioner did not err as a matter of law, and that the record contains "such relevant evidence as a reasonable mind might accept as adequate to support" the ALJ's conclusion that Plaintiff did not have a severe mental impairment. *See Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). Hence, it is hereby

ORDERED that Plaintiff's motion for judgment on the pleadings [ECF No. 10] is denied, Commissioner's motion [ECF No. 13] is granted, and this matter is dismissed. The Clerk of Court is directed to enter judgment for the Commissioner and close this action.

So Ordered.

DATED: February 28, 2020
Rochester, New York

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge